UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:    Judges Beales, Athey and Callins
Argued at Arlington, Virginia


SCOTT MICHAEL STORY

                                                MEMORANDUM OPINION* BY
v.        Record No. 1794-23-4                  JUDGE RANDOLPH A. BEALES
                                                     APRIL 8, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

Monica Tuck, Assistant Public Defender (Meghan Shapiro, Senior
Appellate Attorney; Virginia Indigent Defense Commission, on
briefs), for appellant.

Kimberly A. Hackbarth, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Following a May 20, 2022 violation-of-probation hearing, the Circuit Court of Stafford

County found Scott Michael Story in violation of the terms and conditions of his probation.  The

circuit court revoked Story's suspended sentence, imposed a six-month term of active

incarceration, included a ten-year period of good behavior, and ordered that Story be on

supervised probation for an indefinite period of time "not to exceed ten (10) years."  Following a

July 21, 2023 violation-of-probation hearing, the circuit court again found Story in violation of

the terms and conditions of his probation.  The circuit court revoked Story's suspended sentence

"upon the same terms and conditions of the previous suspension," imposed six more months of

active incarceration, invoked a new five-year good behavior requirement, and released Story

from supervised probation.  On appeal, Story argues that the circuit court's 2022 and 2023 orders

---

* This opinion is not designated for publication.  See Code § 17.1-413(A).

are unlawful because the maximum period of suspension had passed before the circuit court issued the 2022 and 2023 revocation orders—and because the circuit court lacked jurisdiction to issue the 2022 and 2023 revocation orders, given the General Assembly's 2021 amendments to Code § 19.2-306(C). Because the 2022 and 2023 orders are not void *ab initio*, and because Story did not preserve his challenges to these orders for appeal, we affirm the circuit court.

## I. BACKGROUND

In 2009, the circuit court convicted Story of unauthorized use of a motor vehicle. The circuit court sentenced Story to the statutory maximum of five years of incarceration. *See* Code §§ 18.2-10(f), 18.2-102. However, the circuit court suspended four years and three months of Story's five-year sentence upon the condition that Story "be of good behavior for ten (10) years from the defendant's release from confinement," for a total active sentence of nine months of incarceration. The circuit court also placed Story on supervised probation for "an indefinite period of time" and required that he pay court costs and restitution.

Later that same year, the circuit court ordered Story to show cause why his suspended sentence should not be revoked for failing to report to his probation officer, for testing positive for drugs, and for failing to pay restitution. By order entered on January 26, 2010, the circuit court found Story in violation of the terms of his suspension, it imposed a six-month active sentence, and it resuspended the balance of Story's remaining sentence.

In 2011, after Story failed to show up to his probation appointment or pay court costs and restitution, the circuit court ordered Story to show cause why his suspended sentence should not again be revoked. After finding Story in violation of the terms of his suspension following a June 3, 2011 hearing, the circuit court imposed a four-month active sentence, but it resuspended the remaining three years and five months of his original sentence. The circuit court also

removed Story from supervised probation, and it reimposed the remaining conditions from its prior orders, which included a ten-year period of good behavior.

In 2012, Story was convicted of petit larceny, third or subsequent offense. After a hearing on June 12, 2012, the circuit court sentenced Story to five years of incarceration. *See* Code §§ 18.2-10(f), 18.2-96. The circuit court gave Story an active sentence of one year and suspended the remaining four years of Story's sentence on the condition that he be of good behavior for ten years from his release date (and that he be placed on supervised probation "for an indefinite period of time").

In 2014, the circuit court again ordered Story to show cause why his suspended sentences should not be revoked after he failed to show up to his probation appointment or otherwise contact his probation officer. By order entered in June 2014, the circuit court found Story in violation of the terms of his suspended sentences, it revoked the remainder of both of Story's suspended sentences, and it gave Story six months of actual incarceration to serve, after the court resuspended "three (3) years and five (5) months of the three (3) years and five (5) months sentence for the conviction of Unauthorized Use of Motor Vehicle, and three (3) years six (6) months of the four (4) years sentence for the conviction of Petit Larceny/3rd or Subsequent Offense." The circuit court also ordered that Story be of good behavior for ten years "from the original conviction date," and it required that he be on supervised probation "for an indefinite period of time, not to exceed ten (10) years."

In 2015, the circuit court once again ordered Story to show cause why his suspended sentences should not be revoked for failing to report to his probation officer. Following an April 17, 2015 hearing, the circuit court found Story in violation of the terms of his suspended sentences. The circuit court then imposed a two-year active sentence, and it resuspended "four (4) years and eleven (11) months" of Story's sentences. The court also kept in place "the same

terms and conditions of the original suspension," including the requirement that Story be of good behavior for ten years "from the original conviction date of June 12, 2012," as well as the requirement that Story remain on supervised probation "for an indefinite period of time, not to exceed ten (10) years."

In 2021, the General Assembly amended Code § 19.2-306(C), which currently states:

> If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and . . . [t]he court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation. The court shall measure the period of any suspension of sentence from the date of the entry of the original sentencing order.

The General Assembly also amended Code § 19.2-303, which currently states, in relevant part:

> The court may fix the period of probation for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned. Any period of supervised probation shall not exceed five years from the release of the defendant from any active period of incarceration.

Finally, the General Assembly amended Code § 19.2-303.1, which currently states, in relevant part:

> In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned; however, the court may fix the period of suspension for a period not to exceed three years for a violation of § 18.2-67.4 or 18.2-67.4:2.

On October 19, 2021 (after the effective date of the 2021 amendments to Code § 19.2-306), the circuit court ordered Story to show cause why his suspended sentences should not be revoked for failing to report to his probation officer. Following a May 20, 2022 hearing, the circuit court again found Story in violation of the terms of his suspended sentences. The circuit court then imposed a six-month active sentence (which applied to Story's sentence for

petit larceny), but it resuspended the rest of Story's remaining sentences "on the same terms and conditions as the previous suspension." The circuit court also imposed a new good behavior requirement that extended to "ten (10) years from today," and it ordered that Story be placed on supervised probation "for an indefinite period of time not to exceed ten (10) years."

Most recently, on January 3, 2023, the circuit court again ordered Story to show cause why his suspended sentences should not be revoked after Story's probation officer alleged that Story "failed to report [to] the Fredericksburg Probation and Parole Office"—and Story was also previously arrested in Norfolk for driving after forfeiture of a license and for falsely identifying himself to law enforcement.[1] Story subsequently pleaded guilty to violating the terms and conditions of his probation in exchange for the Commonwealth's recommendation that the circuit court "revoke and resuspend all but six months and release [Story] from probation on these two cases." At Story's probation violation hearing, the circuit court judge advised Story, "In accordance with the agreed recommendation, I'm going to revoke the four years, five months that was previously suspended, resuspending three years, eleven months. That results in an active sentence of six months." The judge also told Story, "You'll be removed from active supervised probation with respect to this case going forward, however, the good behavior period of five years does remain in full force and effect." When asked by the judge if he had any questions, Story replied, "No, sir." When Story's trial counsel was asked by the circuit court judge whether there was "anything else to be done" in the case, Story's trial counsel replied, "No, Your Honor." After the hearing, the circuit court subsequently revoked "four (4) years five (5) months of the previously suspended sentence[s] for the [combined] underlying convictions" but it resuspended "three (3) years eleven (11) months upon the same terms and conditions of the

---

[1] According to the major violation report addendum from July 10, 2023, Story also had made no payments towards his court-ordered restitution since March 4, 2019.

previous suspension." The circuit court also "advised the defendant the five (5) year period of good behavior restarts today."

Story now appeals the decisions of the circuit court to this Court, arguing that the 2022 and 2023 orders are void *ab initio* and that the circuit court erred by reimposing and resuspending his sentences because the General Assembly's amendments to Code § 19.2-306, Code § 19.2-303, and Code § 19.2-303.1 stripped the circuit court and this Court of jurisdiction.

## II. ANALYSIS

On appeal, Story argues that the circuit court's 2023 order is void because the court erred by "re-imposing Mr. Story's sentences when the periods of suspension had lapsed" and by "re-suspending Mr. Story's sentences when the maximum periods of suspension had lapsed." He also argues that the circuit court's 2023 order is void because the court erred by "re-suspending Mr. Story's sentence on the same terms and conditions of its Order of May 20, 2022, which was void (and is being collaterally challenged in this appeal)"—as "[t]he Order of May 20, 2022, re-suspended Mr. Story's sentence for a period of 10 years" and "imposed supervised probation 'for an indefinite period of time not to exceed ten (10) years.'"[2]

"In revocation appeals, the [circuit] court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). Conversely, the circuit court's authority to "revoke appellant's suspended sentence is one of

---

[2] Story concedes on appeal that his arguments were not preserved before the circuit court below, but he maintains that "the ends of justice require review" because "the sentencing orders are void." He specifically asks this Court to invoke the ends of justice exception to Rule 5A:18 for his challenge to the circuit court's 2023 order on the basis that the imposition of a new period of resuspension, a new six-month period of incarceration, and a new good behavior requirement constitutes a grave injustice because they violate Code §§ 19.2-303.1 and 19.2-306(C). However, he has not asked this Court to invoke the ends of justice exception to Rule 5A:18 for his challenge to the circuit court's 2022 order.

statutory interpretation and presents a pure question of law, which this Court reviews *de novo*." *Hodgins v. Commonwealth*, 61 Va. App. 102, 107 (2012).

Code § 19.2-303 authorizes a circuit court to "suspend imposition of sentence or suspend the sentence in whole or part" and to "place the defendant on probation under such conditions as the court shall determine." Code § 19.2-303.1, in turn, provides, "In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned." In addition, Code § 19.2-306(C) provides, "The court shall measure the period of any suspension of sentence from the date of the entry of the original sentencing order." If a circuit court finds "good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." *Id.* Upon imposition of a new sentence, the circuit court may "again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

It is well established that "[p]robation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." *Hamilton v. Commonwealth*, 79 Va. App. 699, 705 (2024) (quoting *Burnham v. Commonwealth*, 298 Va. 109, 116 (2019)). As this Court has often stated, "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008) (quoting *Pierce v. Commonwealth*, 48 Va. App. 660, 667 (2006)). Indeed, when a circuit court suspends a sentence, the court "does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform." *Richardson v.*

*Commonwealth*, 131 Va. 802, 810 (1921) (characterizing probation as a "free gift of the Commonwealth, and not a contract to relieve him from the punishment which fits his crime").

### A. The Circuit Court's 2022 Order

Story acknowledges that he has not preserved his challenge to the circuit court's 2022 order, but he contends that the 2022 order is void *ab initio* because the General Assembly limited supervised probation to a maximum of five years following the 2021 amendment to Code § 19.2-303. Story further contends that the 2022 order is void *ab initio* because the circuit court imposed a period of suspension longer than is lawful under the General Assembly's 2021 amendments to Code § 19.2-306(C).

After the parties to this appeal filed their respective briefs in this Court, the Supreme Court decided *Hannah v. Commonwealth*, 303 Va. 106 (2024). In that decision, the Supreme Court rejected Hannah's argument that the General Assembly's 2021 amendments to Code § 19.2-303.1 deprived the circuit court of jurisdiction to hear Hannah's case. *Id.* at 123. In so ruling, the Supreme Court distinguished between "active jurisdiction" (which occurs when a court has subject matter jurisdiction but "err[s] in the proper exercise of their authority") and "subject matter jurisdiction" (which a court must possess to decide a case). *Id.* The Supreme Court explained that, because circuit courts "already possess jurisdiction to adjudicate criminal matters and their power to sentence and preside over revocations is ancillary to that jurisdiction," and because Code § 19.2-303.1 "is not a jurisdictional statute on its face," the Supreme Court concluded that "errors in the application of Code § 19.2-303.1 do not create a fundamental infirmity which would strip a court's jurisdiction to preside over certain suspended sentences." *Id.* at 123-24. Indeed, the Supreme Court then stated that "any error arising from a misapplication of Code § 19.2-303.1 would render a judgment voidable at most." *Id.* at 124.

Although the Supreme Court's decision in *Hannah* addresses Code § 19.2-303.1 but not Code § 19.2-303 (the statute that Story now relies on to challenge the 2022 order), the Supreme Court's rationale concerning Code § 19.2-303.1 "applies with equal force" to Code § 19.2-303. *Cisneros v. Commonwealth*, 82 Va. App. 147, 168 (2024). Code § 19.2-303, like Code § 19.2-303.1, is not "a jurisdictional statute on its face," and it does not include language that "purports to modify or shrink [the circuit court's] general jurisdictional grant." *Hannah*, 303 Va. at 123-24. Indeed, Code § 19.2-303 in no way abrogates the rule that courts "already possess jurisdiction to adjudicate criminal matters." *Id.* at 124. Given that an order imposing an overly long period of suspension to enable review for probation revocations (i.e., a misapplication of Code § 19.2-303.1) is not void *ab initio*, it follows that an order imposing an overly long period of supervised probation (i.e., a misapplication of Code § 19.2-303) is also not void *ab initio*.

In this case now before us, the circuit court imposed a new probation requirement within the confines of the same criminal proceeding. Given that Code § 19.2-303 does not modify a circuit court's subject matter jurisdiction over probation proceedings and given that circuit courts already have subject matter jurisdiction over the prosecution of crimes and the rehabilitation of criminals separate and apart from Code § 19.2-303, the circuit court's imposition of a period of supervised probation greater than that allowed under Code § 19.2-303 rendered the court's 2022 order voidable—not void *ab initio*. Therefore, because it is voidable—not void *ab initio*, Story's

argument would have needed to be made in the circuit court to preserve the argument for appeal under Rule 5A:18.[3]  Story simply failed to do so here.[4]

The same is true of Story's challenge to the circuit court's new period of suspension under Code § 19.2-306(C).  When a circuit court "surpasse[s] the bounds of its statutory authority by suspending execution of [a] petit larceny sentence for periods beyond the five-year maximum permitted under amended Code § 19.2-306," such error "does not render the revocation orders a nullity.  At most, such orders would be voidable rather than void ab initio." *Cisneros*, 82 Va. App. at 163.  In *Cisneros*, the circuit court there improperly applied Code § 19.2-306(C) when it ordered a new period of suspension beyond the period of suspension allowed following the General Assembly's 2021 amendments to Code § 19.2-306(C).  *Id.* at 163-64.  Applying the Supreme Court's rationale in *Hannah*, this Court then emphasized that the Supreme Court had "'acknowledge[d] that a resuspension is fundamentally distinct from the initial act of sentencing following a criminal conviction' because '[t]he penalty imposed for a probation violation is not a new sentence but [instead] . . . a continuation of the original sentence[.]'" *Id.* at 167 (alterations in original) (quoting *Hannah*, 303 Va. at 121 n.5).  This Court then went on to say, "where the trial court has jurisdiction to revoke a suspended sentence under the provisions of Code § 19.2-306, failure to comply with the statutory parameters for

---

[3] Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."  "The purpose of this Rule is to ensure that litigants 'make timely and specific objections, so that the trial court has an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Hannah*, 303 Va. at 124-25 (quoting *Brown v. Commonwealth*, 279 Va. 210, 217 (2010)).  "If a party fails to timely and specifically object, he waives his argument on appeal." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022).

[4] Although Rule 5A:18 contains exceptions for good cause shown or to enable this Court to meet the ends of justice, Story has not invoked them for the 2022 order, and this Court "will not apply the exceptions sua sponte." *Burford v. Commonwealth*, 78 Va. App. 170, 184 (2023).

reimposing and/or resuspending the original sentence is voidable error that must be preserved in accordance with Rule 5A:18." *Id.* at 168-69.

In short, because Story's challenge to the circuit court's 2022 order is predicated on Code § 19.2-306(C) and Code § 19.2-303 and because a court's misapplication of Code § 19.2-306(C) and Code § 19.2-303 are actually voidable—not void *ab initio*—errors, Story was required to preserve his arguments before the circuit court in order to make those arguments on appeal before this Court. Given that Story has not complied with the clear requirements of Rule 5A:18, we will not disturb the circuit court's 2022 order.

### B. The Circuit Court's 2023 Order

Acknowledging that his challenges to the circuit court's 2023 order have also not been preserved, Story contends that the 2023 order is void *ab initio* because it imposed a period of resuspension that violated either Code § 19.2-306(C) or Code § 19.2-303.1 in light of the General Assembly's 2021 amendments to those statutes. He maintains that the new five-year period of good behavior in the 2023 order was unlawful because it extended beyond the maximum period of suspension for both his conviction for unauthorized use of a vehicle and his conviction for felony petit larceny (third or subsequent offense). In the alternative, if we find there is subject matter jurisdiction and that the error he alleges is voidable rather than void *ab initio*, Story asks this Court to invoke the ends of justice exception to Rule 5A:18 in his challenge to the 2023 order by arguing that the circuit court's imposition of a new period of resuspension, a new six-month period of incarceration, and a new good behavior requirement (all in violation of either Code § 19.2-303.1 or Code § 19.2-306(C)) constitutes a grave injustice.

Even if the circuit court's 2023 order improperly applied Code § 19.2-303.1 or Code § 19.2-306(C), the order is not void *ab initio*. The Supreme Court has previously stated, as noted *supra*, that "any error arising from a misapplication of Code § 19.2-303.1 would render a

- 11 -

judgment voidable at most." *Hannah*, 303 Va. at 124. In addition, clear "[p]recedent from both this Court and the Supreme Court" establishes that when "[a] period of suspension imposed [by an] order exceeded the maximum period allowed by statute," such error "would render a revocation order, at most, voidable rather than void ab initio." *Cisneros*, 82 Va. App. at 153. Therefore, because Story has not complied with the requirements of Rule 5A:18, and because the 2023 order is not void *ab initio*, Story must demonstrate that the ends of justice exception applies on appeal.

As this Court has often stated, "[t]he 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). For the ends of justice exception to apply, this Court must find that "there is error as contended by" Story and that the "failure to apply the ends of justice provision would result in a grave injustice." *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997).

To support invocation of the ends of justice exception to Rule 5A:18, Story relies on *Charles v. Commonwealth*, 270 Va. 14, 20 (2005), where the Supreme Court invoked the ends of justice exception to Rule 5A:18 in a revocation proceeding because the circuit court had failed to give the defendant credit for serving in a rehabilitation program that the court had ordered the defendant to undergo. *Id.* at 19-20. The Supreme Court noted that, by failing to give the defendant credit, the circuit court "added five months incarceration to Charles' original five-year sentence." *Id.* at 18. The Supreme Court then concluded that the circuit court could not "enlarge the sentence imposed in a sentencing order that has become final under Rule 1:1." *Id.* at 20.

Story's reliance on the Supreme Court's decision in *Charles* is unpersuasive because it was quite a different situation. In this case, Story has been credited for all of the time that he has served, and he has not been imprisoned beyond the period of incarceration in the initial sentencing orders for either of his offenses. Unlike the circuit court's error in *Charles* (which further restricted the defendant's liberty by extending the period of incarceration beyond what the defendant's total original sentence provided), the circuit court's imposition here of a new good behavior requirement and a period of resuspension in the 2023 order does not restrict Story's liberty interests. *See Cisneros*, 82 Va. App. at 163, 167-68. Indeed, the circuit court simply resuspended Story's sentences on the same conditions as before and required that he be of good behavior for five more years, which did not affect his liberty during that time. Consequently, Story has not shown "a grave injustice" that justifies invocation of the ends of justice exception to Rule 5A:18.

In addition, the approbate and reprobate doctrine precludes us from reaching Story's challenge to the 2023 order. This doctrine "applies when the error the defendant complains of on appeal is 'obviously the result of his own strategy and actions at trial.'" *Commonwealth v. Holman*, 303 Va. 62, 72 (2024) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). A party approbates and reprobates when he "affirmatively stake[s] out a position or ask[s] the court to act" and then complains later that the court took that very action. *Id.* Indeed, "[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (alteration in original) (quoting *Rowe*, 277 Va. at 502). It is well-settled that there "is no 'ends of justice' exception to the approbate and reprobate doctrine." *Holman*, 303 Va. at 72 (quoting *Nelson*, 71 Va. App. at 405).

Here, Story acknowledges on brief that he had made an agreement in 2023 with the Commonwealth to plead guilty to having violated the terms and conditions of his probation in exchange for the Commonwealth recommending a sentence of six months of active incarceration and his release from probation. The Commonwealth even informed the circuit court that the parties were recommending that the court "revoke and resuspend all but six months and release him [Story] from probation on these two cases." Story was then specifically advised by the circuit court judge that he would "be removed from active supervised probation with respect to this case going forward, however, the good behavior period of five years does remain in full force and effect." Indeed, the 2023 order expressly states that the circuit court "advised the defendant the five (5) year period of good behavior restarts today." The circuit court judge also advised Story that the court was "going to revoke the four years, five months that was previously suspended, resuspending three years, eleven months." The record before this Court on appeal shows that Story did not object to these rulings of the circuit court. Story's attempt now to challenge the 2023 order on appeal after having agreed to plead guilty in exchange for the recommended six-month sentence of active incarceration—and after having not objected to the circuit court's ruling—therefore amounts to approbating and reprobating. Because the ends of justice exception to Rule 5A:18 does not apply when a party approbates and reprobates (and essentially invites the error about which he later complains on appeal) and given that Story did not preserve his argument for appeal, we do not disturb the circuit court's 2023 order and the imposition of six months of actual incarceration, his removal from supervised probation, and the requirement of five years of good behavior.

### III. CONCLUSION

In sum, we hold that the circuit court's 2022 and 2023 orders are not void *ab initio*. Because Story did not preserve any of his challenges to these orders, his arguments are waived

- 14 -

on appeal under Rule 5A:18. Although Story asks this Court to invoke the ends of justice exception to Rule 5A:18 for his arguments concerning the 2023 order (but not the 2022 order), Story has simply not shown that a grave injustice has occurred to warrant invocation of the ends of justice exception. Furthermore, Story's attempt now to challenge the circuit court's 2023 order violates the approbate and reprobate doctrine (for which there is no ends of justice exception). The circuit court imposed the recommended sentence of six months of actual incarceration and removal from supervised probation upon his release that Story agreed to on the condition that he be of good behavior for five years (and that his remaining sentences be resuspended on the same conditions as previously imposed). Therefore, for all of these reasons, we do not disturb the circuit court's judgment.

*Affirmed.*